UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JESS MCDONALD,

                    Plaintiff            NO.  CV-06-3033-EFS

        vs.                              **ORDER GRANTING DEFENDANTS' MOTION
                                         FOR PARTIAL SUMMARY JUDGMENT**
THE CITY OF SUNNYSIDE, et
al.,

                    Defendants.

Before the Court, without oral argument, is Defendants' Motion for Partial Summary Judgment (Ct. Rec. 17).  Defendants seek dismissal of Defendant City of Sunnyside based on Defendants' claim that Plaintiff has not demonstrated the events at issue were the result of a policy or custom.  Defendants also seek qualified immunity for the officers involved with regard to Plaintiff's claim of unlawful arrest.  After reviewing the submitted material and relevant authority the Court is fully informed and grants Defendants' motion.

## I. Background[1]

On May 8, 2004, Defendant Jess McDonald conducted a business meeting with an associate at the China Grove Restaurant in Sunnyside,

---

[1] In accordance with the summary judgment standard, the facts in this section are based on Plaintiff's deposition or are facts presented by Defendants that Plaintiff does not contest.

ORDER – 1

Washington (Ct. Rec. 22 at 1).   During the course of the meeting, Defendant consumed approximately one and one-half alcoholic beverages. *Id.*   When Defendant left the restaurant, an off-duty Sunnyside police officer called the Sunnyside police dispatch to report that an intoxicated individual was leaving the restaurant and attempting to get into a white Buick and drive away (Ct. Rec. 19 at 2).   Officer Jaime Prieto and Reserve Officer Gusby responded to the call, arrived at the restaurant, and spotted the white Buick.   *Id.*   When the officers approached the vehicle, Defendant refused to roll down the driver's side window, refused to exit the vehicle, refused to participate in a field sobriety test, and called out that he wanted a lawyer (Ct. Rec. 22 at 4).   The officers extracted Defendant from the vehicle and arrested Defendant for being in physical control of a motor vehicle while intoxicated pursuant to RCW 46.61.504 (Ct. Rec. 19 at 5).

## II. Standard of Review

Summary judgment will be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).   When considering a motion for summary judgment, a court may not weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).   A genuine issue for trial exists only if "the evidence is such that a reasonable jury could return a verdict" for the party opposing summary judgment. *Id*. at 248.

ORDER ~ 2

In other words, issues of fact are not material and do not preclude summary judgment unless they "might affect the outcome of the suit under the governing law." *Id.*  There is no genuine issue for trial if the evidence favoring the non-movant is "merely colorable" or "not significantly probative." *Id.* at 249.

If the party requesting summary judgment demonstrates the absence of a genuine material fact, the party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial" or judgment may be granted as a matter of law.  *Anderson*, 477 U.S. at 248.  This requires the party opposing summary judgment to present or identify in the record evidence sufficient to establish the existence of any challenged element that is essential to that party's case and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  Failure to contradict the moving party's facts with counter affidavits or other responsive materials may result in the entry of summary judgment if the party requesting summary judgment is otherwise entitled to judgment as a matter of law.  *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).

### III. Analysis and Conclusion

A. Liability of the City of Sunnyside

Defendants seek dismissal of the constitutional claims against the City of Sunnyside.  A plaintiff seeking to impose liability against a municipality under 42 U.S.C. § 1983 must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of County Comm'rs*

ORDER — 3

*of Bryan County, OK v. Brown,* 520 U.S. 397, 403 (1997).  Defendants assert that Plaintiff has provided no evidence of an official custom, policy, or ratification of unconstitutional acts.  Plaintiff does not dispute Defendants' assertion.  Therefore, the Court finds good cause to grant Defendants' motion and dismisses the constitutional claims against the City of Sunnyside as a defendant.

B. Qualified Immunity

Qualified immunity shields government officials, including police officers, who are performing discretionary functions "from liability for civil damages insofar as their conduct does not violate 'clearly established' statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Harris v. City of Roseburg*, 664 F.2d 1121, 1127 (9th Cir. 1981) (extending the privilege of qualified immunity to police officers). "When confronted with a claim of qualified immunity, a court must ask first the following question: 'Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?'"  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity."  *Id.*

Defendants do not challenge Plaintiff's claim of unlawful use of force; they seek qualified immunity only with respect to whether the officers had probable cause for the arrest (Ct. Rec. 20 at 10).

> [Law enforcement officers] are entitled to immunity if a
> reasonable officer could have believed that probable cause
> existed to arrest [Plaintiff].  Probable cause existed if 'at
> the moment the arrest was made . . . the facts and

ORDER — 4

circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing'

that Plaintiff had violated the physical control statute. *Hunter v. Bryant,* 502 U.S. 224, 228 (1991) (quoting *Beck v. Ohio,* 379 U.S. 89, 91 (1964)).

Based on the facts as presented in Plaintiff's Declaration, the officers had probable cause to arrest Plaintiff.  Plaintiff acknowledges (1) he had been drinking prior to entering the vehicle, (2) a call was made to police dispatch regarding an intoxicated individual attempting to get into a car matching the description of the car Plaintiff was entering, (3) Plaintiff did not agree to the officers' request to get out of the vehicle, and (4) Plaintiff refused to participate in field sobriety tests (Ct. Rec. 22).  Given this information, a reasonably prudent person would believe that they had probable cause to suspect Plaintiff of being in physical control of a motor vehicle while intoxicated.  *See* RCW 46.61.504.

Accordingly, **IT IS HEREBY ORDERED:** Defendants' Motion for Partial Summary Judgment **(Ct. Rec. 17)** is **GRANTED.**

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide copies to all counsel.

**DATED** this 23rd  day of April 2007.


                              S/ Edward F. Shea
                              EDWARD F. SHEA
                        UNITED STATES DISTRICT JUDGE


Q:\Civil\2006\3033.MSJ.wpd


ORDER — 5